Electronically FILED by Superior Court of California, County of Los Angeles on 12/06/2021 21STCV44412 Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

SCHWAN'S CONSUMER BRANDS, INC. (a Georgia corporation), and DOES 1-100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

DUANE ANTHONY BEYENHOF,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡**AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
21STCV44412

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Taylor M. Prainito, Esq., 1875 Century Park East, Suite 480, Los Angeles CA 90067, (424) 231-2366

DATE: *(Fecha)* 12/06/2021 Clerk, by *(Secretario)* Sherri R. Carter Executive Officer / Clerk of Court H. Flores-Hernandez, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: SCHWAN'S Consumer Brands, Inc

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Electronically FILED by Superior Court of California, County of Los Angeles on 12/06/2021 11:51 AM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk
21STCV44412

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Taylor M. Prainito (SBN 286965), Michael Zelman (SBN 297682)
Southern California Labor Law Group, PC
1875 Century Park East, Suite 480
Los Angeles, CA 90067
TELEPHONE NO.: 424-231-2366 FAX NO.: 323-319-5148
ATTORNEY FOR *(Name)*: Plaintiff, Duane Anthony Beyenhof

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Duane Anthony Beyenhof v. Schwan's Consumer Brands, Inc., et al.

**CIVIL CASE COVER SHEET**

[✓] **Unlimited** (Amount demanded exceeds $25,000) [ ] **Limited** (Amount demanded is $25,000 or less)

**Complex Case Designation**

[ ] **Counter** [ ] **Joinder**

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 21STCV44412

JUDGE:

DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [✓] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [✓] punitive
4. Number of causes of action *(specify)*: Six (6) Causes of Action
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 6, 2021
Taylor M. Prainito, Esq.
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SHORT TITLE: Duane Anthony Beyenhof v. Schwan's Consumer Brands, Inc., et al. | CASE NUMBER 21STCV44412 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

**Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

| SHORT TITLE: Duane Anthony Beyenhof v. Schwan's Consumer Brands, Inc., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☑ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1, 2, 3<br>10 |
| Contract | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Duane Anthony Beyenhof v. Schwan's Consumer Brands, Inc., et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160 Abstract of Judgment | 2, 6 |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123 Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190 Election Contest | 2 |
| | | ☐ A6110 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100 Other Civil Petition | 2, 9 |

| SHORT TITLE: Duane Anthony Beyenhof v. Schwan's Consumer Brands, Inc., et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☐ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | | | ADDRESS: 19840 S. Rancho Way |
|---|---|---|---|
| CITY: Compton | STATE: CA | ZIP CODE: 90220 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: December 6, 2021

[signature]
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

21STCV44412

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Terry Green

Electronically FILED by Superior Court of California, County of Los Angeles on 12/06/2021 11:51 AM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk

Taylor M. Prainito (SBN 286965)
tprainito@scllgpc.com
Michael Zelman (SBN 297682)
mzelman@scllgpc.com
**SOUTHERN CALIFORNIA LABOR LAW GROUP, PC**
1875 Century Park East, Suite 480
Los Angeles, CA 90067
Telephone: (424) 231-2366
Facsimile: (323) 319-5148

Attorneys for Plaintiff,
DUANE ANTHONY BEYENHOF

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

DUANE ANTHONY BEYENHOF,

vs.

SCHWAN'S CONSUMER BRANDS, INC. (a Georgia corporation), and DOES 1-100, inclusive,

Defendants.

Case No.: 21STCV44412

**PLAINTIFF DUANE ANTHONY BEYENHOF'S COMPLAINT FOR DAMAGES FOR:**

**(1) DISCRIMINATION ON THE BASIS OF AGE IN VIOLATION OF FEHA;**

**(2) RETALIATION FOR ENGAGING IN A PROTECTED ACTIVITY IN VIOLATION OF FEHA;**

**(3) FAILURE TO PREVENT DISCRIMINATION, HARASSMENT AND RETALIATION IN VIOLATION OF FEHA;**

**(4) WRONGFUL TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY;**

**(5) VIOLATION OF LABOR CODE § 1102.5;**

**(6) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**

**DEMAND FOR JURY TRIAL**

Plaintiff, DUANE ANTHONY BEYENHOF, alleges, on the basis of personal knowledge and/or information and belief:

**SUMMARY**

This is an action by DUANE ANTHONY BEYENHOF, ("plaintiff" or "Beyenhof"), whose employment with defendants SCHWAN'S CONSUMER BRANDS, INC. ("Schwan's"), and DOES 1-100, inclusive, was wrongfully terminated. Plaintiff brings this action against defendants for economic, non-economic, compensatory, and punitive damages, pursuant to Civil Code section 3294, pre-judgment interest pursuant to Code of Civil Procedure section 3291, and costs and reasonable attorneys' fees pursuant to Government Code section 12965(b) and Code of Civil Procedure section 1021.5.

**PARTIES**

1. *Plaintiff:* Plaintiff DUANE ANTHONY BEYENHOF is, and at all times mentioned in this Complaint was, a resident of the County of Riverside, California.

2. *Defendants:*

a. Defendant Schwan's Consumer Brands, Inc., is a Georgia Corporation, that is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in California.

b. Defendants Does 1 through 100 are sued under fictitious names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or his authority as such agent, servant, partner, and employee, with the permission and consent of the co-defendants.

3. Schwan's Consumer Brands, Inc. and Doe defendants 1 to 100 may be collectively referred to as "defendants."

4. *Relationship of defendants:*

a. All defendants and all Doe defendants directly and/or indirectly employed plaintiff, as

defined under the regulations, statutes, and interpreting case law, including California Government Code section 12926(d).

b. All defendants and all Doe defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and harassment alleged throughout, which is prohibited under California Government Code section 12940(i).

c. All defendants and all Doe defendants were acting as the agents of all other defendants and employers, as defined under the regulations, statutes, and interpreting case law, including California Government Code section 12926(d).

d. All actions of all defendants were taken by employees, supervisors, executives, officers, and directors during employment with all defendants, on behalf of all defendants, and engaged in, authorized, ratified, and approved of the conduct of all other defendants.

e. Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, all defendants, and each of them, were the principals, agents, servants, employers, employees, partners, joint venturers, predecessors in interest, successors in interest, and/or authorized representatives of each of the other defendants, were at all times relevant herein acting within the purpose, course and scope of their agency, service, employment, partnership, joint venture, and/or representation, and were doing so with the knowledge, permission, and consent of their principals, employers, partners, joint venturers, and co-defendants, and each of them. Plaintiff further alleges that each and every defendant was negligent, careless, and legally liable in the selection and hiring of each and every other defendant as its agent, servant, employee, consultant, assistant, representative, partner, and/or joint venturer.

f. All defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and harassment alleged in this Complaint, which conduct is prohibited under California Government Code section 12940(i). All defendants were responsible for the events and damages alleged herein, including on the following bases: (a) defendants committed the acts alleged; (b) at all relevant times, one or more of the defendants was the agent or employee, and/or acted under the control or supervision of, one or more of the remaining defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for plaintiff's damages; (c) at all relevant times, there existed a unity of ownership and interest between or among two or more of the

defendants such that any individuality and separateness between or among those defendants has ceased, and defendants are the alter egos of one another. Defendants exercised domination and control over one another to such an extent that any individuality or separateness of defendants does not, and at all times herein mentioned did not, exist. Adherence to the fiction of the separate existence of defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice. All actions of all defendants were taken by employees, supervisors, executives, officers, and directors during employment with all defendants, were taken on behalf of all defendants, and were engaged in, authorized, ratified, and approved of by all other defendants.

g. Defendants directly and indirectly employed plaintiff BEYENHOF, as defined in the Fair Employment and Housing Act ("FEHA") at Government Code section 12926(d).

h. In addition, defendants compelled, coerced, aided, and abetted the discrimination, which is prohibited under California Government Code section 12940(i).

5. Finally, at all relevant times mentioned herein, all defendants acted as agents of all other defendants in committing the acts alleged herein.

**VENUE**

6. Some of the actions at issue in this case occurred in the State of California, in the County of Los Angeles. Under the California Fair Employment and Housing Act, this case can alternatively, at plaintiff's choice, be filed:

> [I]n any county in the state in which the unlawful practice is alleged to have been committed, in the county in which the records relevant to the practice are maintained . . . or in the county in which the aggrieved person would have worked . . .

California Government Code § 12965(b) (emphasis added).

7. Plaintiff worked in California, and at times, conducted certain job duties in the County of Los Angeles.

//

//

**FACTS COMMON TO ALL CAUSES OF ACTION**

8. *Plaintiff's protected status and activity:*

a. Plaintiff is more than 40 years old.

b. Plaintiff made good faith complaints about the discrimination.

c. Plaintiff made good faith complaints about what he reasonably believed to be illegal activity.

9. Duane Anthony Beyenhof ("Beyenhof"), a 66 year old male, was hired by Schwan's Consumer Brands ("Schwan's") on or about January 28, 2007.

10. Beyenhof was a Distribution Supervisor, where one of his many duties was to work as a Safety Trainer. Schwan's had a zero-tolerance policy for driving a company vehicle while on duty without wearing a seatbelt which Beyenhof was well aware of since he was a trainer and trained many of the drivers on this policy. Furthermore, Beyenhof was a firm believer in wearing seat belts since a seat belt had saved his life.

11. Beyenhof never had a good working relationship with Area Sales Manager, Vladimir Martinez ("Martinez"), which was a well-known fact by Martinez's supervisor, Douglas Barnes ("Barnes") and Beyenhof's supervisor, Ken Zapko ("Zapko") since they mediated several arguments between them. On December 10, 2019, Beyenhof noticed Martinez had two new employees working together on a truck, and because Beyenhof believed neither of them had passed their safety certifications to drive a company vehicle, he called Schwan's Safety Manager, Nancy Welton ("Welton"), and made a report of what he at the time, reasonably believed to be illegal activity.

12. Welton confirmed neither of these employees had completed the required paperwork or testing to operate a company vehicle and she then called Barnes, Martinez's supervisor. Beyenhof had no further involvement or knowledge as to what action was taken, all he knew was Martinez's employment was not terminated for this violation.

13. On January 21, 2020, Beyenhof was called into a meeting with Zapko and HR Representative, Rachel Hart ("Hart") present telephonically. Beyenhof was shown a four-second video clip shot by Martinez allegedly showing him parking a vehicle at the cold storage loading dock on or about January 2, 2020 allegedly without wearing a seatbelt.

14. The video was taken from a questionable angle outside Beyenhof's office window through the driver's side window at a distance of no less than 20 feet which did not present a complete representation of events as the video stopped well before it would have shown Beyenhof releasing the seat belt before exiting the vehicle.

15. Beyenhof stated he was wearing his seat belt and he explained he believed Martinez shot this video out of retaliation because he held a grudge about the safety violation report he made to Welton about him on December 10, 2019. Nonetheless, ***Beyenhof was terminated after working for Schwan's just shy of 13 years with no prior write ups or safety violations.***

16. In fact, on January 27, 2020, after being terminated, Beyenhof was presented with a 2019 Safety Award Certificate in Recognition of an Accident Free Year.

17. In addition to being wrongfully terminated in retaliation of his reports of what he reasonably believed to be illegal activity, Beyenhof also believes that he was terminated because of his age. At 66 years old, Beyenhof was one of Schwan's oldest drivers and was receiving a higher pay rate. Beyenhof's belief that he was terminated because of his age is supported by the fact the fact that he was replaced by a driver who is substantially younger (under forty years old) and paid a lower rate.

18. Defendants' stated reason for terminating was false and mere pretext as defendants' real reason for terminating Beyenhof's employment was for wrongful, illegal, discriminatory and/or retaliatory purposes related to his age and his good faith complaints regarding discrimination, retaliation, and/or other conduct that Beyenhof reasonably believed to be illegal.

19. Following the termination, Beyenhof suffered severe symptoms of emotional distress including, but not limited to depression, anxiety, stress, headaches, and weight loss.

20. *Economic damages:* As a consequence of defendants' conduct, plaintiff has suffered and will suffer harm, including lost past and future income and employment benefits, stock options, damage to his career, and lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

21. *Non-economic damages:* As a consequence of defendants' conduct, plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish,

in a sum to be proven at trial.

22. *Punitive damages:* Defendants' conduct constitutes oppression, fraud, and/or malice under California Civil Code section 3294 and, thus, entitles plaintiff to an award of exemplary and/or punitive damages.

a. *Malice:* Defendants' conduct was committed with malice within the meaning of California Civil Code section 3294, including that (a) defendants acted with intent to cause injury to plaintiff and/or acted with reckless disregard for plaintiff's injury, including by terminating plaintiff's employment and/or taking other adverse job actions against plaintiff because of his age and/or good faith complaints, and/or (b) defendants' conduct was despicable and committed in willful and conscious disregard of plaintiff's rights, health, and safety, including plaintiff's right to be free of discrimination, harassment, retaliation, and wrongful employment termination.

b. *Oppression:* In addition, and/or alternatively, defendants' conduct was committed with oppression within the meaning of California Civil Code section 3294, including that defendants' actions against plaintiff because of his age and/or good faith complaints were "despicable" and subjected plaintiff to cruel and unjust hardship, in knowing disregard of plaintiff's rights to a work place free of discrimination, harassment, retaliation, and wrongful employment termination.

c. *Fraud:* In addition, and/or alternatively, defendants' conduct, as alleged, was fraudulent within the meaning of California Civil Code section 3294, including that defendants asserted false (pretextual) grounds for terminating plaintiff's employment and/or other adverse job actions, thereby to cause plaintiff hardship and deprive him of legal rights.

23. *Attorneys' fees:* Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

24. *Exhaustion of administrative remedies:* Prior to filing this action, plaintiff exhausted his administrative remedies by filing a timely administrative complaint with the Department of Fair Employment and Housing ("DFEH") and receiving a DFEH right-to-sue letter.

//

//

//

**FIRST CAUSE OF ACTION**

**(Violation of FEHA (Government Code § 12900, *et seq.*) (Age Discrimination)—Against Defendants Schwan's Consumer Brands, Inc. and Does 1 to 100, Inclusive)**

25. The allegations set forth in paragraphs 1 through 24 are re-alleged and incorporated herein by reference.

26. At all times herein mentioned, FEHA, Government Code section 12940, *et seq.*, was in full force and effect and was binding on defendants. This statute requires defendant to refrain from discriminating against any employee because he or she is more than 40 years old. Within the time provided by law, plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter.

27. During plaintiff's employment with defendants, defendants, through their supervisors, engaged in actions that had a negative impact on the treatment of employees who were more than 40 years old. Specifically, defendants discharged older employees with greater frequency than younger employees, hired fewer employees who were older than 40, and gave better jobs and benefits to younger employees.

28. During plaintiff's employment with defendants, defendants intentionally engaged in age discrimination by discharging employees over the age of 40 with greater frequency than other employees. During plaintiff's employment with defendants, defendants had a pattern and practice of discriminating against employees who were more than 40 years old.

29. Plaintiff was a qualified employee at the time of the termination of his employment and was more than 40 years old. Defendants continued to hire younger employees to replace the older employees whom they were discharging or otherwise forcing out of the company. Defendants replaced Plaintiff with a younger employee, under 40 years old, after terminating Plaintiff. All of defendants' conduct raises an inference of discrimination.

30. Defendants, through their managers and supervisors, made a number of comments to and about plaintiff and made staffing decisions and/or transfers that exhibited ageist motivations, intentions, and consciousness. Plaintiff believes and, on that basis, alleges that defendants' real motivation was to discharge him because of his age.

31. Defendants' conduct, as alleged, violated FEHA, and defendants committed unlawful employment practices, including by the following, separate bases for liability:

a. Discharging, barring, refusing to transfer, retain, hire, select, and/or employ, and/or otherwise discriminating against plaintiff, in whole or in part on the basis of plaintiff's age and/or other protected characteristics, in violation of Government Code section 12940(a);

b. Harassing plaintiff and/or creating a hostile work environment, in whole or in part on the basis of plaintiff's age and/or other protected characteristics, in violation of Government Code section 12940(j);

c. Failing to take all reasonable steps to prevent discrimination and harassment based on age and/or other protected characteristics, in violation of Government Code section 12940(k);

d. Retaliating against plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to provide such rights, in violation of Government Code section 12940(h).

32. On the basis of the above, plaintiff believes and alleges that his age was a substantial motivating factor in defendants' termination of his employment.

33. As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

34. As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

35. Defendants' discrimination was done intentionally, in a malicious, fraudulent, oppressive manner, entitling plaintiff to punitive damages.

36. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

//

//

//

**SECOND CAUSE OF ACTION**

**(Violation of FEHA (Government Code § 12900, *et seq.*) (Retaliation for Engaging in a Protected Activity)—Against Defendants Schwan's Consumer Brands, Inc. and Does 1 to 100, Inclusive)**

37. The allegations set forth in paragraphs 1 through 36 are re-alleged and incorporated herein by reference.

38. Plaintiff's engagement in protected activity, including good faith complaints and/or opposition to discrimination and harassment based on age and/or good faith complaints protected by FEHA, Government Code section 12900, *et seq.,* were motivating factors in defendants' decision to terminate plaintiff's employment, not to retain, hire, or otherwise employ plaintiff in any position, and/or to take other adverse job actions against plaintiff.

39. Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, *et seq.*, and defendants committed unlawful employment practices, including by the following, separate bases for liability:

a. Demoting, discharging, barring, refusing to retain, refusing to transfer, hire, select, and/or employ, and/or otherwise discriminating against plaintiff, in whole or in part on the basis of plaintiff's age, good faith complaints, and/or other protected characteristics by FEHA, Government Code section 12900, *et seq.,* in violation of Government Code section 12940(a);

b. Harassing plaintiff and/or creating a hostile work environment, in whole or in part on the basis of plaintiff's age, good faith complaints and/or other protected characteristics, in violation of Government Code section 12940(j);

c. Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on age, and/or good faith complaints in violation of Government Code section 12940(k);

d. Retaliating against plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to provide such rights, including rights of reasonable accommodation, rights of interactive process, leave rights, and/or the right to be free of discrimination, in violation of Government Code section 12940(h);

e. Creating a hostile work environment, in whole or in part on the basis of plaintiff's actual,

perceived age and/or other protected characteristics, in violation of Government Code section 12940(j);

f. Retaliating against plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to provide such rights, including rights of reasonable accommodation, rights of interactive process, leave rights, and/or the right to be free of discrimination, in violation of Government Code section 12940(h);

g. Failing to provide plaintiff with requisite statutory leave, violating notice and/or other procedural requisites of leave, and/or retaliating against plaintiff for taking leave, in violation of Government Code section 12945.2.

40. As a proximate result of defendants' willful, knowing, and intentional retaliation against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

41. As a proximate result of defendants' willful, knowing, and intentional retaliation against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

42. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

43. Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, oppressive manner, entitling plaintiff to punitive damages against defendants.

**THIRD CAUSE OF ACTION**

**(Failure to Prevent Discrimination, Harassment, and Retaliation in Violation of FEHA (Government Code § 12940(k))—Against Defendants Schwan's Consumer Brands, Inc. and Does 1 to 100, Inclusive)**

44. The allegations set forth in paragraphs 1 through 43 are re-alleged and incorporated herein by reference.

45. At all times herein mentioned, FEHA, Government Code section 12940(k), was in full force

and effect and was binding on defendants. This statute states that it is an unlawful employment practice in California for an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring." Prior to filing the instant Complaint, plaintiff filed a timely administrative charge with the DFEH and received a right-to-sue notice.

46. During the course of plaintiff's employment, defendants failed to prevent their employees from engaging in intentional actions that resulted in plaintiff's being treated less favorably because of plaintiff's protected status (*i.e.,* his age and/or participation in protected activities and/or his good faith complaints and opposition). During the course of plaintiff's employment, defendants failed to prevent their employees from engaging in unjustified employment practices against employees on the basis of such protected classes. During the course of plaintiff's employment, defendants failed to prevent a pattern and practice by their employees of intentional discrimination on the basis of engagement in protected activity and protected status.

47. Plaintiff believes and on that basis alleges that his protected status and/or engagement in a protected activity was a substantial motivating factor in defendants' employees' discrimination and retaliation against him.

48. As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

49. As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

50. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

51. Defendants' misconduct was committed intentionally, in a malicious, fraudulent, oppressive manner, entitling plaintiff to punitive damages against defendants.

//

//

**FOURTH CAUSE OF ACTION**

**(Wrongful Termination of Employment in Violation of Public Policy**

**(Labor Code § 1102.5; FEHA, Government Code § 12900, *et seq.*)—**

**Against Defendants Schwan's Consumer Brands, Inc., and Does 1 to 100, Inclusive)**

52. The allegations set forth in paragraphs 1 through 51 are re-alleged and incorporated herein by reference.

53. Defendants terminated plaintiff's employment in violation of various fundamental public policies underlying both state and federal laws. Specifically, plaintiff's employment was terminated in part because of his protected status (*i.e.*, his age and/or good faith complaints). These actions were in violation of FEHA, the California Constitution, and California Labor Code section 1102.5.

54. As a proximate result of defendants' wrongful termination of plaintiff's employment in violation of fundamental public policies, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

55. As a result of defendants' wrongful termination of his employment, plaintiff has suffered general and special damages in sums according to proof.

56. Defendants' wrongful termination of plaintiff's employment was done intentionally, in a malicious, fraudulent, oppressive manner, entitling plaintiff to punitive damages.

57. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Code of Civil Procedure sections 1021.5 and 1032, *et seq., plain*tiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

**FIFTH CAUSE OF ACTION**

**(Violations of Labor Code § 1102.5, *et seq.*—**

**Against All Defendants and Does 1 to 100, Inclusive)**

58. The allegations set forth in paragraphs 1 through 58 are re-alleged and incorporated herein by reference.

59. At all relevant times, Labor Code section 1102.5 was in effect and was binding on defendants. This statute prohibits defendants from retaliating against any employee, including plaintiff, for raising complaints of illegality.

60. Plaintiff raised complaints of illegality while he worked for defendants, and defendants retaliated against him by terminating his employment.

a. Specifically, plaintiff reported that Defendants' drivers were operating vehicles without competing requisite paperwork and testing, which he reasonably believed was illegal.

61. As a proximate result of defendants' willful, knowing, and intentional violations of Labor Code section 1102.5, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

62. As a result of defendants' adverse employment actions against plaintiff, plaintiff has suffered general and special damages in sums according to proof.

63. Defendants' misconduct was committed intentionally, in a malicious, fraudulent, oppressive manner, entitling plaintiff to punitive damages against defendants.

**SIXTH CAUSE OF ACTION**

**(Intentional Infliction of Emotional Distress—Against Defendants Schwan's Consumer Brands, Inc., and Does 1 to 100, Inclusive)**

64. The allegations set forth in paragraphs 1 through 63 are re-alleged and incorporated herein by reference.

65. Defendants' discriminatory, harassing, and retaliatory actions against plaintiff constituted severe and outrageous misconduct and caused plaintiff extreme emotional distress.

66. Defendants were aware that treating plaintiff in the manner alleged above, including depriving him of his livelihood, would devastate plaintiff and cause him extreme hardship.

67. As a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

68. As a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

69. Defendants' misconduct was committed intentionally, in a malicious, fraudulent, oppressive manner, entitling plaintiff to punitive damages.

## PRAYER

WHEREFORE, plaintiff, DUANE ANTHONY BEYENHOF, prays for judgment against defendants as follows:

1. For general and special damages according to proof;
2. For exemplary damages, according to proof;
3. For pre-judgment and post-judgment interest on all damages awarded;
4. For reasonable attorneys' fees;
5. For costs of suit incurred;
6. For injunctive relief;
7. For such other and further relief as the Court may deem just and proper.

ADDITIONALLY, plaintiff, DUANE ANTHONY BEYENHOF, demands trial of this matter by jury. The amount demanded exceeds $25,000.00 (Government Code § 72055).

Dated: December 6, 2021

**SOUTHERN CALIFORNIA**
**LABOR LAW GROUP, P.C.**

By: ______________________

Taylor M. Prainito, Esq.
Michael Zelman, Esq.

Attorneys for Plaintiff,
DUANE ANTHONY BEYENHOF

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Stanley Mosk Courthouse 111 North Hill Street, Los Angeles, CA 90012 | FILED Superior Court of California County of Los Angeles 12/06/2021 Sherri R. Carter, Executive Officer / Clerk of Court By: H. Flores-Hernandez Deputy |
| NOTICE OF CASE ASSIGNMENT UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER: 21STCV44412 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Terry Green | 14 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on 12/07/2021 (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By H. Flores-Hernandez, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

***Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

2019-GEN-014-00

FILED
Superior Court of California
County of Los Angeles
MAY 03 2019
Sherri R. Carter, Executive Officer/Clerk
By ______, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT – MANDATORY ELECTRONIC FILING FOR CIVIL

FIRST AMENDED GENERAL ORDER

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

a) "Bookmark" A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

b) "Efiling Portal" The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

c) "Electronic Envelope" A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

d) "Electronic Filing" Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"** An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court. (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"** For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"** An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"** A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format. Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs. Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii) Bonds/Undertaking documents;

iii) Trial and Evidentiary Hearing Exhibits

iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

i) Depositions;

ii) Declarations;

iii) Exhibits (including exhibits to declarations);

iv) Transcripts (including excerpts within transcripts);

v) Points and Authorities;

vi) Citations; and

vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document accompanying a single pleading must be electronically filed as a separate digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

i) Any printed document required pursuant to a Standing or General Order;

ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

iii) Pleadings and motions that include points and authorities;

iv) Demurrers;

v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

vi) Motions for Summary Judgment/Adjudication; and

vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

11) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019




KEVIN C. BRAZILE
Presiding Judge